IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | :    CIVIL ACTION NO. 22-CV-4206 |
| OBE E. JOHNSON | : |

## MEMORANDUM

SÁNCHEZ, C.J.                                                                          OCTOBER 28, 2022

Obe E. Johnson, a *pro se* litigant incarcerated in Puerto Rico, filed a motion seeking a writ of mandamus. (ECF No. 2.) Johnson asks this Court to compel the transfer of currently pending matters from the United States District Court for the District of Puerto Rico to the United States District Court for the Eastern District of Pennsylvania. Johnson has also filed an application to proceed *in forma pauperis*. For the reasons set forth below, Johnson's Motion seeking mandamus relief will be denied.

Johnson, who is currently incarcerated at the Correctional Institution Guayama 500, in Guayama, Puerto Rico, alleges that he was wrongfully convicted and sentenced in the Commonwealth of Puerto Rico. (*Id.* at 1, 4.) It appears that Johnson has filed several *habeas corpus* matters in the District of Puerto Rico related to his conviction. (*Id.* at 1-2.) Johnson claims that his "first and second habeas corpus action[s]" should be transferred to the Eastern District of Pennsylvania because he "cannot obtain fair justice in Puerto Rico." (*Id.* at 2.) According to Johnson, on May 25, 2010, a "great conspiracy commenced" among the Department of Justice and attorneys and judges of the Puerto Rico District Court such that he cannot "obtain fair justice." (*Id.*) He contends that his *habeas corpus* petitions have been dismissed as part of the conspiracy. (*Id.*)

A review of public records reveals that Johnson has filed over fifty matters in the United States District Court for the District of Puerto Rico and the United States Court of Appeals for

the First Circuit. It is not entirely clear which specific case or cases Johnson seeks to transfer to this court. It appears that he has at least one *habeas corpus* matter filed pursuant to 28 U.S.C. § 2254 that is currently pending in the United States District Court for the District of Puerto Rico. *See Johnson v. Ocasio-Montanez*, Civ. A. No. 20-1222 (D.P.R.). Johnson also appears to have a currently pending bankruptcy matter as well, *see In re: The Financial Oversight and Management Board for Puerto Rico*, Civ. A. No. 17-BK-3283 (D.P.R. Bank.), which he claims inhibits the resolution of his habeas cases. (*Id.* at 2-4.)

Johnson's application to proceed *in forma pauperis* is incomplete pursuant to 28 U.S.C. § 1915(a)(2) in that it does not contain a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the Motion for a Writ of Mandamus. (*See* ECF No. 3.) Until recently, this Court would have been precluded from addressing Johnson's pleading unless and until he either paid the fees or was granted leave to proceed *in forma pauperis*. *See Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*); *see also Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (*per curiam*) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was not yet subject to dismissal"). However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*), the United States Court of Appeals for the Third Circuit announced a "flexible approach" that permits the screening of cases filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28

U.S.C. § 1915A(a).  In doing so, the Court must dismiss a pleading or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1).  Additionally, the Court must dismiss the matter if it determines subject matter jurisdiction is lacking.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  As Johnson is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

The Court understands Johnson to bring his Motion for a Writ of Mandamus pursuant to 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Mandamus relief is generally considered a "drastic" remedy, "to be invoked only in extraordinary situations."  *Kerr v. United States Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 402 (1976).  A party seeking a writ of mandamus must show that he has "(i) no other adequate means of obtaining the desired relief and (ii) a 'clear and indisputable' right to issuance of the writ."  *Mote v. United States Dist. Ct. for Middle Dist. of Pennsylvania*, 858 F. App'x 39, 40 (3d Cir. 2021) (*per curiam*) (citations omitted), *cert. denied*, 142 S. Ct. 906 (2022).

For a district court to have subject matter jurisdiction to compel the action of an individual pursuant to § 1361, the individual must be "an officer or employee of the United States or any agency thereof."  *See Semper v. Gomez*, 747 F.3d 229, 250-51 (3d Cir. 2014).  The United States Court of Appeals for the Third Circuit has concluded, "in determining whether an individual qualifies as an officer or employee of the United States or any agency thereof, . . . that

Congress, in enacting § 1361 was thinking solely in terms of the executive branch." *Mendez v. Plaskett*, 764 F. App'x 201, 202 (3d Cir. 2019) (internal citations and quotations omitted). Consequently, courts have held that § 1361 does not confer subject matter jurisdiction on federal district courts to compel the actions of judges and judicial employees. *See Semper*, 747 F.3d at 250-51 (citing *Trackwell v. United States Government*, 472 F.3d 1242, 1246 (10th Cir. 2007) (noting that "[f]or a district court to issue a writ of mandamus against an equal or higher court would be remarkable" and holding that the Supreme Court is not an "'agency' within the meaning of § 1361"); *Viola v. United States*, No. 17-0856, 2017 WL 4318029, at *3 (D. Conn. Sept. 28, 2017) (holding that district court lacked subject matter jurisdiction to issue a writ of mandamus against federal district court judge); *United States v. Cox*, No. 11-99, 2017 WL 11428575, at *4 (D.N.J. Jan. 6, 2017) (holding, *inter alia*, that district court lacked jurisdiction to grant writ of mandamus directed against Third Circuit Clerk), *aff'd*, 692 F. App'x 85 (3d Cir. 2017); *Natkunanathan v. Barnes*, No. 15-0895, 2015 WL 13908113, at *2 (C.D. Cal. Sept. 16, 2015) (finding district court lacked jurisdiction over mandamus action seeking to compel United States Supreme Court Clerks to file plaintiff's submissions with the Supreme Court), *aff'd sub nom. Natkunanathan v. United States Supreme Ct.*, 689 F. App'x 567 (9th Cir. 2017). Accordingly, this Court lacks subject matter jurisdiction over Johnson's Motion for a Writ of Mandamus, which seeks to compel federal District Court Judges in Puerto Rico to transfer pending cases to this district.

Johnson's Motion for a Writ of Mandamus will be denied and the Clerk of Court will be directed to close this case. An Order follows.

**BY THE COURT:**

　　　　　　　　　　　　　　　/s/ Juan R. Sánchez
　　　　　　　　　　　　　　**JUAN R. SÁNCHEZ, C.J.**